IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>VANESSA GAYLE GLASS,<br><br>              Defendants. | Case No. 00-10026-02-JTM<br>No. 05-3081 |

MEMORANDUM AND ORDER

This matter is before the court on the petitioner Vanessa Glass's February 14, 2005, Motion to Vacate her conviction under 28 U.S.C. § 2255, citing various grounds including ineffective assistance of counsel, illegal search, and denial of medical assistance.

Glass was convicted and sentenced to 108 months imprisonment on August 11, 2002. (Dkt. No. 86). She appealed her conviction to the Tenth Circuit, which dismissed the appeal on July 27, 2001. (Dkt. No. 129). Glass subsequently filed a petition for relief under § 2255, (Dkt. No. 138), which was denied by this court on July 23, 2002. (Dkt. No. 150). Glass appealed this order. This court denied Glass's request for a certificate of appealability on December 17, 2002, and the Tenth Circuit affirmed the decision of this court on July 30, 2003. Glass then filed a Petition for Certiorari, which was denied by the Supreme Court on May 17, 2004.

Under § 2255,

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Similarly, 28 U.S.C. § 2244 provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because Glass has filed a second or successive § 2255 motion without obtaining authorization from the Tenth Circuit, the court is without jurisdiction to hear the matter on the merits. Rather, the court must transfer the motion to the Court of Appeals in the interest of justice pursuant to 28 U.S.C. § 1631. *Coleman v. United States*, 106 F.2d 339, 341 (10th Cir. 1997).

IT IS ACCORDINGLY ORDERED this 21st day of June, 2005, that Petitioner's Motion for Relief under § 2255 is transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. The Clerk of the Court shall forward a copy of the petitioner's motion (Doc. 249) to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3).

                s/ J. Thomas Marten
                J. THOMAS MARTEN, JUDGE